White, J.
The original petition in this case is framed upon the theory, that the plaintiff’s cause of action is of an equitable nature, and that the relief to which he is entitled is the enforcement of an express trust. This view is founded upon a misconception of the nature of the cause of action, and of the rights of the parties. There is no equitable trust involved in the case. The real ground of the action is, that the plaintiff placed certain money in the hands of the intestate of the defendant below, which was to be repaid to him on her death. This created the relation of debtor and creditor between the plaintiff and the intestate; and as such creditor his rights against her administrator stand upon no higher footing than those of her other creditors. The plaintiff can assert no right to any specific part of the assets; and if the estate should prove insolvent, he could be paid otAj pro rata with the other creditors.
The plea of the statute of limitations of six years, interposed by the defendant below, cannot avail. The cause of action did not accrue until the death of his intestate, which occurred in .July, 18T3, and the action was commenced in January, 1876.
The case has been treated by the parties and .the courts below as an equitable action, and as appealable. Both parties *184 gave notice of appeal. The plaintiff below gave bond to perfect the appeal; on the part of the administrator no bond was required for that purpose. The case was tried by the district court on its merits without objection; and there was a finding and judgment for the plaintiff. The principal error assigned in this court, is that the finding is not supported by sufficient evidence. Under these circumstances, we do not feel called upon, sua sjponte, to consider the question of error in entertaining the appeal.
An examination of the evidence satisfies us that the finding of the court is excessive. There was no promise on the part of the intestate, to pay interest on the money placed in her hands by the plaintiff; nor are the circumstances such as to warrant the charging of interest.
The finding in our opinion is excessive to the extent of $200, and unless the defendant in error, the plaintiff below, enters a remittitur of that amount the judgment will be reversed, the finding set aside, and the cause remanded for further proceedings.
If such remittitur be entered, the judgment will be affirmed as to the residue.